UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:18 CR 264 RWS/PLC |
| | ) | |
| ZACHARY HAMBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S POST-HEARING BRIEF IN OPPOSITION
TO A FINDING OF COMPETENCY TO STAND TRIAL**

COMES NOW, Defendant, Zachary Kyle Hamby, through his attorneys, The

Hale Law Firm, by Larry D. Hale, submits the following post-hearing brief in opposition

to a finding of competency to stand trial.

**APPLICABLE LAW**

A defendant has the due process right not to be tried while incompetent.  In

determining whether an accused is competent to proceed the district court must examine

both whether the defendant has a rational as well as factual understanding of the

proceedings against him and whether he is able to assist properly in his defense. U.S. v.

Kiderien, 569 F3d. 358 (8th Cir. 2009); U.S. v. Ghone, 490 F.3d 1036 (8th Cir. 2007).   As

noted by the U.S. Supreme Court in Dusky v. United States, 362 U..S, 402, 402 (1960):

> "it is not enough for the district judge to find that the defendant is oriented to time
> and place and has some recollection of events, but that the test must be whether he
> has sufficient present ability to consult with his lawyer with a reasonable degree
> of rational understanding and whether he has a rational as well as factual
> understanding of the proceedings against him."

The Supreme Court has defined a defendant's ability to assist properly in his

defense as possessing a "sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding.  Cooper v. Oklahoma, 517 U.S. 348, 354,

116 S. Ct. 1373, 134 L.Ed.2d 498 (1996).

Absent a contrary indication, federal judges are entitled to presume a defendant is

competent. The burden rests with the defendant to demonstrate that he was not competent

to stand trial.  United States v. Denton, 434 F.3d 1104 (8th Cir., 2006); United States v.

Jimenez-Villasenor, 270 F.3d 554, 559 (8th Cir 2001).   The district court may consider

numerous factors, including expert medical opinions and the Court's observation of the

Defendant's demeanor at trial.  United  States v. Robinson, 253 F.3d 1065, 1067 (8th Cir.

2001).   It is certainly within a district court's province to choose one expert's opinion

over a competing qualified expert's opinion.  See U.S. v. Ghane, supra,   Nonetheless, in

crediting an expert's opinion, it is not the opinion itself that is important, but the rational

underlying it.  United States v. Whittington, 586 F.3d 613, 618 (8th. Cir. 2009).

Determining whether a defendant is competent to stand trial is committed to the

discretion of the district court.  United States v. Whittington, 586 F.3d at  617.   A district

court's competency determination is a factual finding that will be affirmed on appeal,

unless clearly arbitrary or unwarranted or clearly erroneous Id.  It is certainly within a

district court's province to choose one expert's opinion over a competing qualified

expert's opinion.  United States v. Decoteau, 630 F.3d 1091 (8th Cir. 2011).

## ANALYSIS

In the instant case, Defendant, carried his burden of proving by a preponderance

of the evidence that he is not competent to stand trial.  Dr. Cloninger's report makes it

clear that Defendant does not understand the charges against him and is not able to assist

his attorney in preparing the defense.  Cloninger Report-Page 12.   In support of these

opinions, Dr. Cloninger noted that the Defendant "was confused about the details of the charges against him.  Cloninger Report-Pages 5, 12.  He further noted that Defendant "acknowledged that it has always been difficult for him to accept responsibility for wrong doing and that he cannot even be sure that he didn't do things that he does not remember because sometimes he puts things that are unflattering out of his memory.  Now he does not remember the charges that are alleged against him."  Cloninger Report-Page 12. This Court must accept the reasoned, logical and supported opinions of Dr. Cloninger concerning Defendant's competence because there are rational grounds for them.

Indeed, Dr. Cloninger's factual findings are consistent with related findings of Dr. Gutierrez.  While Dr. Gutierrez found that Defendant recognized that his federal case is related to child pornography, he further stated that Defendant is unable to recite the charges in the language used in the indictment.   Gutierriz Report- Page 13.  Of course Dr. Gutierriz's comment concerning Defendant's inability to recite the language of the indictment is nothing but a poor attempt to explain away Defendant's answer to question number 48 of the CAST MR test that he did not know what he was charged with.   As noted by Dr. Guitierriz, to be competent it is critical that a person understand what he or she is charged with.  Tr. 47.  Defendant's inability to describe his charges makes it quite clear that he is not competent to stand. trial.

In answer to question number 41 of the same test, Dr. Gutierriz reports that defendant said that his looking at pornography pictures is what caused him to be arrested. Defendant is not charged with looking at pornography. Tr. 47, 50.  Clearly, both experts found substantial evidence that Defendant did not understand the charges against him.

Both experts also made consistent findings concerning Defendant's inability to

accept responsibility for his actions.  Dr. Cloninger found that Defendant often denies things that he did wrong because he was afraid of being rejected or separated from his parents.  Defendant  prefers to deny wrong doing rather than admit it.  As pertains to this case, Defendant denies any responsibility for conduct he blames on his Co-Defendant.  Cloninger Report-Page 5.  Similarly, Dr. Gutierriz found that Defendant denies a sexual interest in child pornography, exhibitionism, sexual sadism/masochism, voyeurism or fetishes.  Gutierriz Report-Page 4, Tr. 54.  Defendant further denied to Dr. Gutierriz many of the statements that he is alleged to have made to the police concerning an interest in fecal matter and instructing his Co-Defendant to insert items into her son's anus. Gutierriz Report-Page 12.  Unlike Dr. Gutierriz, Dr. Cloninger appropriately used Defendant's inability to accept responsibility for his actions as a strong indication of his inability to assist in his defense.

It should be noted that both Dr. Cloninger and Dr. Guitierriz found that Defendant has autism and developmental disability (mental retardation). Tr. 65.  Dr. Cloninger determined that Defendant has a personality disorder, while Dr. Guitierriz did not find such a disorder.  Tr. 64-65.   Both experts were provided with Defendant's historical educational and medical record.  Dr. Cloninger included a detailed review of these records in his report.  See Cloninger Report.  Dr. Guitierriz included little detail from Defendant's educational and medical records in his report.   See Guitierriz Report.

Overall, the findings of Dr. Gutierriz are severely flawed.   For example, Dr. Gutierriz relied exclusively upon the results of the CAST MR test to evaluate the competency of Defendant.  Tr. 43-46.  Dr. Guitierriz specifically said that "Formal assessment of Mr. Hamby's competency was made with the administration of the CAST

4

MR."  Gutierriz Report-Page 12.    No other basis for Dr. Gutierriz's  competency determination is offered in his report.  Yet, the disclaimer on the first page of the CAST MR test makes it clear that the CAST MR can not be the sole basis for evaluation of competency.  Tr. 46.  The disclaimer states:

> "THESE RESULTS ARE  INTENDED TO BE USED AS ONE PART OF AN OVERALL ASSESSMENT FOR COMPETENCE TO STAND TRIA. ADDITIONAL INFORMATION AND PROFESSIONAL JUDGEMENT ARE NEEDED TO DETERMINE WHETHER THE SUBJECT IS COMPETENT TO STAND TRIAL AN D WHEN THIS INFORMATION IS VALID OR INVALID FOR ANY GIVEN INDIVIDUAL OR CASE."

Contrary to this disclaimer, Dr. Gutierriz did what should not be done when he based his competency determination only on the results of the CAST MR test.  Tr. 43-44, 46.  Since Dr. Guitierriz improperly based his competency finding exclusively upon the results of the CAST MR test, the rational underlying this determination of Defendant's competency is flawed and this court can not rely upon this opinion.   See Whittington, 586 F.3d at 618.

Another example of deficiencies in Dr. Gutierriz's assessment of Defendant's competency to stand trial is seen in the basis for the Doctor's opinion that Defendant is capable of assisting in his own defense.  According to Dr. Gutierriz, Defendant noted that he is confident in his attorney's ability to defend him and Defendant likes and trusts his attorney to do a good job.  Gutierriz Report-Page 13-14.  From this, Dr. Gutierriz makes the ridiculous determination that Defendant is competent to assist in his defense. Tr. 59.  No other basis for this opinion is offered in the Report of Dr. Gutierriz.  Tr. 59-60.  Here again, the rational underlying this opinion of Dr. Guitierriz is severely, flawed and this Court can not rely upon it.

**Dr. Cloninger is imminently more qualified to render an acceptable opinion as to Defendant's competency to stand trial that Dr. Guitierriz.**

It is certainly appropriate to compare the qualifications of the conflicting expert witnesses in this case, to aid in deciding which opinion to accept.  Here, Dr, Cloninger is far more qualified to render an opinion as to Defendant's competence to stand trial than Dr. Guitierriz.  Dr. Cloninger is a medical doctor who specializes in psychiatry and holds a PHD in psychology.  Tr. 36.  Dr. Guitierriz only holds a PSyD in psychology.  Tr. 31.  Dr. Guitieriz can not prescribe medication, while Dr. Cloninger can.  Tr. 36.  Dr. Cloninger is  an internationally recognized professor of psychiatry and psychology at Washington University and elsewhere, while Dr. Guitierriz has never taught at a college or university.  Dr. Guitierriz has never published in the area of psychology, while Dr. Cloninger's list of published materials exceeds 80 pages.  Tr. 37; See Dr. Cloninger's C.V.   Dr. Cloninger developed a personality test employed during his examination of Defendant.  Dr. Guitierriz has never developed any testing procedures.  Tr. 38.   Dr. Cloninger has multiple honorary degrees, while Dr. Guitierriz has none.  Tr. 37-38.

## CONCLUSION

In view of the foregoing, it is clear that the more reliable expert opinion as to the competence of this Defendant to stand trial, is the opinion of Dr. Cloninger.  In accordance with that opinion, this Court must conclude that Defendant is not competent to stand trial because he does not understand the charges against him and is unable to assist his attorney in defending the case.

Respectfully Submitted,
THE HALE LAW FIRM

_____/S/  Larry D. Hale_____
Larry D. Hale, #26997MO
Counsel for Defendant
1221 Locust, Suite 310
St. Louis, MO 63103
(314)231-3168
(314)231-4072 (Fax)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was electronically delivered to all counsel of record on this 11th  day of September, 2019, through the Court's electronic filing system.

_____/S/   Larry D. Hale_____
Larry D. Hale